UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

APR 10 2006

~~signature~~ CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated and derivatively on behalf of NORTHWESTERN CORPORATION, d/b/a NORTHWESTERN ENERGY, | CIV 05-4178 |
| Plaintiff, | |
| -and- | |
| HARBINGER CAPITAL PARTNERS MASTER FUND I, LTD., | MEMORANDUM OPINION AND ORDER |
| Plaintiff-Intervenor, | |
| -vs- | |
| MICHAEL J. HANSON; E. LINN DRAPER, JR.; STEPHEN P. ADKI; JON S. FOSSEL; JULIA L. JOHNSON; PHILLIP L. MASLOWE; and D. LOUIS PEOPLES, | |
| Defendants, | |
| and | |
| NORTHWESTERN CORPORATION, d/b/a NORTHWESTERN ENERGY, a Delaware corporation, | |
| Nominal Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff-Intervenor, Harbinger Capital Partners Master Fund I, Ltd. ("Harbinger") filed a Motion to Obtain Access to Litigation Record and Request for Expedited Decision, Doc. 187, and a Motion to Extend, Doc. 194. The motions have been briefed by the parties and will be decided

based upon the written record. In addition, Court staff was orally informed by Timothy Dougherty, counsel for Plaintiff, that the parties have reached an agreement regarding the Motion to Further Depose Credit Suisse, LLC, Doc. 182. Thus, the motion will be denied as moot.

The Court granted limited intervention to Harbinger, pursuant to Fed.R.Civ.P. 24(b), in its Order Granting Motion to Intervene, Doc. 163, filed on March 20, 2006. Harbinger initially filed an action in Delaware seeking declaratory and injunctive relief concerning the poison pill adopted by the NorthWestern Board of Directors on December 5, 2005, the validity of which is being litigated in the present action. After a hearing and speaking with this Court with the consent of all parties, the Delaware Court decided to stay its hand during the pendency of this action. Harbinger then moved to intervene in the present action. In the memorandum in support of the intervention motion, Harbinger represented that it sought to intervene in this action:

> ... to pursue the two discrete issues presented to the Delaware Court. In sum, Harbinger seeks in its proposed Intervenor's Complaint ... a declaration (and correlative injunctive relief) on the discrete and pressing issues that (i) sponsoring a referendum to obtain the non-binding opinions of other stockholders on key issues of maximizing shareholder value and (ii) undertaking to identify successor directors for NorthWestern's board, including communications with other shareholders for that purpose, and conducting a proxy contest to install those nominees, do not trigger the dilution provisions of the Poison Pill.

(Doc. 136 at 3-4.) Harbinger's position is that the definition of "Beneficial Owner" in the poison pill is ambiguous and, therefore, "it is impossible for stockholders to know precisely what conduct [is] purportedly prohibited by the Poison Pill." (Doc. 136 at 8.)

Arguing that permissive intervention should be granted under Rule 24(b), Harbinger maintained that, "[b]ecause questions of law are common to both Harbinger's claims and the claims of the Plaintiff in this class action, intervention by Harbinger will serve the interests of judicial economy." (Doc. 136 at 4.) Further, Harbinger stated, "[b]ecause Harbinger seeks relief with respect to two discrete issues of law, Harbinger needs, and will seek, no additional discovery." (Doc. 136 at 14.) Addressing the issue of prejudice related to intervention, Harbinger stated:

> Indeed, any possible prejudice is mitigated by intervention for limited purposes. ....
> Here, Harbinger seeks to participate in this litigation only for the limited purpose of
> briefing the Court on narrow issues of law - the propriety of a declaration that neither
> a shareholder referendum nor communications with shareholders in a proxy contest
> will trigger the Poison Pill.

(Doc. 136 at 15.)

Contrary to Harbinger's representations and arguments in the intervention proceedings, Harbinger now seeks to litigate the issue of "whether the restriction [on shareholders' voting rights] is valid or instead constitutes an abuse of the board's authority." (Doc. 188 at 7.) Thus, rather than seeking an interpretation of the triggering mechanisms in the poison pill, Harbinger now seeks to have the poison pill declared invalid. Moreover, in contrast to the characterization of the issues as "questions of law" in the intervention motion (Doc. 136), Harbinger now characterizes the issues as "fact-specific," to justify its motion to have access to the entire litigation record, consisting of over 300,000 pages. (Doc. 188 at 8.)

The Court denies Harbinger's motion for access to the litigation record. Harbinger was granted permissive intervention pursuant to Rule 24(b), and that intervention was limited to the two narrow issues of law presented in the Intervenor's Complaint. Nothing in the record adequately demonstrates that Harbinger needs access to the entire litigation record to address the two issues for which it was granted limited intervention. In addition, the Court finds that despite a presumption in favor of access, the lack of need of the Plaintiff-Intervenor for that access is balanced against the possibility of disclosure of confidential pricing and other information that would be harmful to Defendants. No need has been shown to attempt to use a confidentiality order for this purpose in this case. Harbinger can present by affidavit or trial testimony the conduct it desires to pursue regarding a referendum and proxy contest, which Defendants apparently contend will trigger the poison pill, and the Court can determine whether such conduct triggers the dilution provisions of the poison pill adopted by the NorthWestern Board on December 5, 2005. *See* 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 24.23[1] (3d. ed. 2005) (explaining that "[t]he court may grant intervention with specific conditions imposed, such as limits on the intervenor's right to conduct

3

discovery or to assert certain types of claims.  These sorts of limits are intended to minimize potential delay and confusion and are within the district court's discretion.").  In light of the denial of Harbinger's motion for access to the litigation record, the Court grants the request for an extension of time to file a pretrial brief, with the brief to be filed by 5:00 p.m. central standard time on Tuesday, April 11, 2006.

The second motion filed by Harbinger requests an extension of seven days of the deadline for submitting an exhibit list and a supplemental witness list.  (Doc. 194).  In response to this motion, Defendants filed an opposition to Harbinger's participation at the court trial, which will begin on April 25, 2006.  (Doc. 202.) The Court will allow Harbinger to participate in the court trial only to the extent that Harbinger may present evidence and cross-examine Plaintiff's or Defendants' witnesses relevant to the two narrow issues in the Intervenor's Complaint.  Harbinger's role in the court trial, therefore, will be limited and should not cause significant delay in the proceedings.  The Court denies in part the motion to extend in that Harbinger may not file a supplemental witness list, except Harbinger may file an exhibit list by 5:00 p.m. central standard time on Wednesday, April 12, 2006.  The Court views Harbinger's participation in the trial to be very limited as the Court agrees with Harbinger's initial position that their two issues are law questions.  To avoid possible repeated questions of what areas upon which Harbinger may cross examine, Harbinger, as intervenor, will present its evidence before the parties present their evidence.  Accordingly,

IT IS ORDERED:

1.    That Plaintiff-Intervenor, Harbinger Capital Partners Master Fund I, Ltd.'s Motion to Obtain Access to Litigation Record, Doc. 187, is denied.

2.    That Plaintiff-Intervenor, Harbinger Capital Partners Master Fund I, Ltd.'s Motion to Extend, Doc. 194, is denied except that Harbinger may file an exhibit list by 5:00 p.m. central standard time on April 12, 2006.

4

3.   That Plaintiff's Motion to Further Depose Credit Suisse, LLC, Doc. 182, is denied as moot.

Dated this 10th day of April, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
       DEPUTY