UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated and derivatively on behalf of NORTHWESTERN CORPORATION, d/b/a NORTHWESTERN ENERGY, | \* | CIV 05-4178 |
| Plaintiff, | \* | |
| -vs- | \* | |
| MICHAEL J. HANSON; E. LINN DRAPER, JR.; STEPHEN P. ADKI; JON S. FOSSEL; JULIA L. JOHNSON; PHILLIP L. MASLOWE; and D. LOUIS PEOPLES, | \* | MEMORANDUM OPINION AND ORDER |
| Defendants, | \* | |
| and | \* | |
| NORTHWESTERN CORPORATION, d/b/a NORTHWESTERN ENERGY, a Delaware corporation, | \* | |
| Nominal Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendants' Motion to Certify Mandatory Settlement Class, Doc. 369. Pursuant to the Stipulation of Settlement filed with the Court, Doc. 368, Plaintiff agreed not to contest Defendants' certification motion. (Doc. 368 at ¶ 2.2.) The trial on Plaintiff's injunctive relief claims was scheduled to begin earlier this year. Pursuant to motions for continuances, the trial was delayed, and was scheduled for August 8, 2006. The parties then entered a Stipulation Regarding Cancellation of Trial, Doc. 364, which was granted by the Court because the parties had reached a Memorandum of Understanding and they were in the process of drafting a Settlement

Agreement. The parties have filed the Stipulation of Settlement, Doc. 368, and Defendants seek to certify a class for purposes of the settlement.

The parties seek preliminary approval of the Stipulation of Settlement dated September 29, 2006, pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure, and providing for notice to the proposed class. At this point, the Court is neither accepting nor rejecting the Settlement nor ruling on the class certification issues, but will direct the parties to respond to the Court's concerns set forth below.

First, it appears to the Court that the purported benefit to the putative class regarding future stockholder rights plans adopted by NorthWestern's Board of Directors is illusory rather than real. This illusory benefit is set forth in paragraph 1.3 of the Stipulation and applies only to NorthWestern's Board of Directors. Paragraph 1.4 clearly states that nothing in the Stipulation will limit the discretion of the Surviving Company or its board to adopt any new stockholders rights plans. The Court may approve a settlement that would bind class members "only after a hearing and on finding that the settlement ... is fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(1)(c). "Judicial review must be exacting and thorough. The task is demanding because the adversariness of litigation is often lost after the agreement to settle." *Manual for Complex Litigation, Fourth*, § 21.61 at 309 (Federal Judicial Center 2004).

Second, the Court believes during the pendency of this litigation that benefits did accrue to NorthWestern Corporation's shareholders as a result of Plaintiff's pursuit of the claims in this action and that Plaintiff's counsel should receive an award of attorney's fees. Plaintiff's counsel may well have assisted in convincing NorthWestern's Board of Directors to move ahead and ultimately solicit and receive more favorable offers, which led to the Merger Agreement with Babcock & Brown Infrastructure limited ("BBI"). Another benefit to NorthWestern's shareholders resulted from Plaintiff's allegation of wasting corporate assets, as set forth in paragraph 121 of its Second Amended Complaint. Plaintiff alleged that Defendants were wasting corporate asserts by entering into an agreement with Credit Suisse that would have resulted in a payment to Credit Suisse of

2

0.65% of NorthWestern's enterprise value if, and only if, Credit Suisse was "successful in pushing away potential suitors and squashing valuable offers". This fee could have resulted in a payment of millions of dollars to Credit Suisse. Plaintiff's counsel's pursuit of the shareholder claims in this action, however, likely influenced the Defendants' decision to amend the agreement with Credit Suisse to eliminate this break-up fee.

This case is now in an unusual posture. For a variety of reasons and causes, the shareholders have apparently now received a good cash purchase price. It was announced yesterday that the Federal Energy Regulatory Commission has approved the sale to the purchaser. Approval of the South Dakota Public Utilities Commission and the Montana Public Service Commission is anticipated. The shareholders have already received whatever benefit they will receive from Plaintiff's lawsuit. The settlement now proposed does not appear to be of any real benefit to the shareholders as has been explained above. Now the Defendants have moved for a mandatory class action so that no shareholder can subsequently make a claim regarding these transactions. For this, it appears that the shareholder are receiving little. A mandatory class certification at this juncture can be roughly analogized to a quiet title action concerning real property in that once completed it does away with all present and future claims that could be brought for events taking place up to the date of a judgment. Is a class certification necessary or desirable for that result? Is a mandatory class certification appropriate in this situation? Is it possible to pay attorney fees to shareholder counsel for the benefit that accrued to the shareholders prior to this settlement agreement without having a class certification? If not, then should the class certification reflect the real reasons for the settlement, that is some amount of attorney fees for the benefit that accrued to shareholders and also recognizing that there is benefit to the Defendants and the purchaser in that present and future claims will be barred for events up to the time of the judgment of dismissal? The Court is aware that Defendants request a mandatory class but reserve the right to resist Plaintiff's counsel receiving any attorney fees.

The Court will order a response from the parties to the Court's concerns listed above. "Counsel for the class and the other settling parties bear the burden of persuasion that the proposed

3

settlement is fair, reasonable, and adequate." *Manual for Complex Litigation, Fourth*, § 21.631 at 318. Accordingly,

    IT IS ORDERED:

1. That, on or before November 3, 2006, Plaintiff and Defendants shall file and serve a response to the Court's concerns set forth in this Order and submit any additional argument or materials in support of the fairness, reasonableness and adequacy of the Stipulation of Settlement. On or before November 17, 2006, the parties shall file and serve a response to the opposing party's response.

Dated this 20th day of October, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                DEPUTY