UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
DEC 13 2007


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated and derivatively on behalf of NORTHWESTERN CORPORATION, d/b/a NORTHWESTERN ENERGY,<br><br>Plaintiff,<br><br>-vs-<br><br>MICHAEL J. HANSON; E. LINN DRAPER, JR.; STEPHEN P. ADKI; JON S. FOSSEL; JULIA L. JOHNSON; PHILLIP L. MASLOWE; and D. LOUIS PEOPLES,<br><br>Defendants,<br><br>and<br><br>NORTHWESTERN CORPORATION, d/b/a NORTHWESTERN ENERGY, a Delaware corporation,<br><br>Nominal Defendant. | CIV 05-4178<br><br><br><br><br><br><br><br><br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiff's Motion for Attorney Fees, Doc. 402, Defendants' Motion to Strike, or in the Alternative for Discovery Regarding the Declaration of Judge H. Lee Sarokin, Doc. 409, and Defendants' Motion for Hearing, Doc. 420. Pursuant to a Stipulation, Doc. 382, and a subsequent Motion to Dismiss, Doc. 388, all of Plaintiff's claims in this action were dismissed with prejudice, with the exception of the claim for attorney's fees and expenses. (Order, Doc. 396.)

### 1. Motion to Strike, or in the Alternative for Discovery

Defendants seek to strike the Declaration of H. Lee Sarokin, which was submitted by Plaintiff in support of its attorney's fees motion. Mr. Sarokin was retained as an expert to offer an opinion on the reasonableness of the attorney's fees and expenses sought by Plaintiff in this action. (Doc. 406, ¶ 1.) Before the pending motion was filed, the Court denied Plaintiff's request to conduct discovery in connection with its claim for an award of attorney's fees and expenses. (Order, Doc. 397). In denying Plaintiff's request, the Court observed, "... the extensive factual record in this case should be sufficient for each party to be able to make whatever arguments for or against attorney fees they choose to make." (*Id.*) Thereafter, Plaintiff submitted Mr. Sarokin's Declaration addressing the reasonableness of the fees requested by Plaintiff. Defendants contend this Declaration was submitted in violation of the Court's Order denying discovery. The Court disagrees with Defendants, because Plaintiff's discovery request involved the issue of whether there was a causal connection between the initiation of this lawsuit and any subsequent benefit to NorthWestern's shareholders, rather than the reasonableness of the requested fees and expenses. *See United Vanguard Fund, Inc. v. TakeCare, Inc.*, 693 A.2d 1076, 1080 (Del. 1997) (recognizing that, "[w]here ... a corporate defendant, after a complaint is filed, takes action that renders the claims asserted in the complaint moot, Delaware law imposes on it the burden of persuasion to show that no causal connection existed between the initiation of the suit and any later benefit to the stockholders.").

In the Declaration, Mr. Sarokin assumes, for purposes of expressing his opinion on the reasonableness of the fees and expenses, that the Court would find the Plaintiff's lawsuit "played a role in causing the Board of Directors ... of NorthWestern ... to undertake a sales process that eventually led to merger with Babcock & Brown Infrastructure ("BBI"), and a $5.66 per share rise in the value of the Company's shares, an amount that represents an additional $202 million benefit for the Company's shareholders ...." (Doc. 406 at ¶ 3.) Mr. Sarokin opines that this $202 million common fund "is an appropriate and sufficiently quantifiable common fund to serve as the basis for a percentage of the benefit fee award to plaintiff's counsel." (Doc. 406 at ¶ 24.) Additional benefits provided to NorthWestern and its shareholders are discussed in Mr. Sarokin's Declaration and he

opines that these benefits "can also serve as the basis for a fee award to the plaintiff's counsel under the common benefit doctrine." (Doc. 406 at ¶ 25.)

Although the Court does not find Mr. Sarokin's Declaration was submitted in violation of the Court's Order denying Plaintiff's request for discovery, the Declaration will be of limited use to the Court. In many respects, the Declaration resembles an advisory opinion on the legal questions before the Court. The reasonableness of requested attorney's fees is an issue that has been before the Court many times and is a legal question the Court does not require the assistance of an expert witness to resolve. The Court will not strike the Declaration, but informs the parties that it will be of limited use in deciding the issue of reasonableness of Plaintiff's request for attorney's fees and expenses. Defendants request that if the Court does not strike the Declaration, that they be allowed to depose Mr. Sarokin and, if appropriate, submit their own expert testimony on the subjects addressed in the Declaration. This alternative request will be granted. If Defendants choose to depose Mr. Sarokin, Plaintiff shall promptly cooperate in making him available for a deposition.

## 2. Effect of Denial of Merger Agreement on Motion for Attorney Fees

Under Delaware law, attorney's fees and expenses may be awarded in corporate litigation pursuant to the "common corporate benefit" doctrine. *United Vanguard Fund, Inc. v. TakeCare, Inc.*, 727 A.2d 844, 850 (Del.Ch. 1998). To be entitled to an award of fees under this doctrine, Plaintiff must show that: "(I) the suit was meritorious when filed; (ii) the action producing benefit to the corporation was taken by the defendants before a judicial resolution was achieved; and (iii) the resulting corporate benefit was causally related to the lawsuit." *Id.* If a lawsuit becomes moot due to corporate action, however, "Delaware law imposes on [the corporate defendant] the burden of persuasion to show that no causal connection existed between the initiation of the suit and any later benefit to the stockholders." *United Vanguard*, 693 A.2d at 1080.

After the Court observed in an Order that, "[i]t appears to the Court, although no final ruling is being made on the issue, that the issues set forth in Plaintiff's Second Amended Complaint are now moot, and the only remaining issue is whether attorney's fees should be awarded to Plaintiff's

3

counsel ..." (Doc. 381), the parties entered into a Stipulation agreeing that the only remaining issues in this case are whether Plaintiff's are entitled to an award of attorney's fees and expenses and, if so, the amount of such fees and expenses. (Stipulation, Doc. 382.) Pursuant to the Stipulation, the parties agree the Defendants carry the burden of persuasion on the causation issue, but Plaintiff would continue to carry the burden of persuasion on the first two elements, which are that the suit was meritorious when filed and that the action producing benefit to NorthWestern was taken by the Defendants before a judicial resolution was achieved.

In their briefs regarding the attorney's fees motion, the parties generally address the benefits to the shareholders resulting from Plaintiff's initiation and prosecution of this lawsuit. One of the primary benefits Plaintiff contends resulted from the initiation of this lawsuit, was a Merger Agreement entered into between NorthWestern and Babcock & Brown Infrastructure Ltd. ("BBI"), which Plaintiff contends netted shareholders over $5 per share, and over $200 million in the aggregate, above the trading price of NorthWestern's stock at the time Plaintiff brought suit. After the briefing was complete, however, Defendants notified the Court that the Montana Public Service Commission voted unanimously to reject the request by NorthWestern and BBI to approve BBI's acquisition of NorthWestern. (Defendants' Supplemental Filing, Doc. 427.) In light of this rejection, Defendants contend the BBI transaction cannot be viewed as benefitting NorthWestern's shareholders in deciding Plaintiff's pending Motion for Attorney Fees. (*Id.*). Plaintiff has not submitted a response to Defendants' Supplemental Filing. If either party desires to submit any additional information or argument concerning the affect of the Montana Public Service Commission's rejection of the Merger Agreement between NorthWestern and BBI on the pending Motion for Attorney Fees, they may file and serve such information or argument on or before January 4, 2008.

Defendants' Motion for Hearing, Doc. 420, will be denied. Accordingly,

IT IS ORDERED:

1. That Defendants' Motion to Strike, or in the Alternative for Discovery Regarding the Declaration of Judge H. Lee Sarokin, Doc. 409, is denied as to the Motion to Strike, and is granted as to the Motion for Discovery. If Defendants desire to depose Mr. Sarokin, Plaintiff shall promptly make him available for a deposition.

2. That if Defendants intend to present expert testimony in opposition to the pending Motion for Attorney Fees, Defendants shall so inform the Court on or before January 4, 2008.

3. That, if either Plaintiff or Defendants desire to submit any additional information or argument to the Court regarding the affect on the pending Motion for Attorney Fees, of the Montana Public Service Commission's rejection of the Merger Agreement between NorthWestern and BBI, such information or argument must be filed and served no later than January 4, 2008.

4. That Defendants' Motion for Hearing, Doc. 420, is denied.

Dated this 13th day of December, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY _____
DEPUTY